UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CORNELIUS L. HARRIS,
    Plaintiff,

vs.

WARDEN R. ERDOS, et. al,
    Defendants.

Case No. 1:20-cv-120

Black, J.
Litkovitz, M.J.

**ORDER AND SUPPLEMENTAL REPORT AND RECOMMENDATION**

This prisoner civil rights action is before the Court on plaintiff's "Request for Reconsideration of the Initial Screening" (hereinafter "motion for reconsideration") (Doc. 16), plaintiff's third and fourth motions to amend his complaint (Docs. 21, 22), Interested Party, the State of Ohio's motion to strike plaintiff's motion for reconsideration (Doc. 18), and Interested Party, the State of Ohio's motion to strike plaintiff's motions to amend (Doc. 23).

    **A.**    **Plaintiff's Motion for Reconsideration (Doc. 16)**

On March 23, 2020, after plaintiff filed a complaint and amended complaint, the undersigned issued an Order and Report and Recommendation, recommending that the complaint, as amended, be dismissed with prejudice with the exception of plaintiff's claim that defendants Taylor and John Doe Officers 1-5 improperly denied him recreation. (Doc. 4). Plaintiff subsequently filed a second motion to amend his complaint. (Doc. 8). On April 29, 2020, the undersigned issued another Order and Report and Recommendation, granting the motion to amend and again recommending that the complaint be dismissed with the exception of plaintiff's claim that defendants Taylor and John Doe Officers 1-5 improperly denied him recreation. (Doc. 13).

In the motion for reconsideration, plaintiff claims that the Court neglected to consider his claim that "Warden Bowen at [the Ohio State Penitentiary] OSP colluded with Warden Erdos at

[the Southern Ohio Correctional Facility] SOCF to transfer me to SOCF as a punishment for filing grievances at OSP." (Doc. 16, at PageID 172).

First, with respect to his conspiracy claim, and as the Court noted in the March 23, 2020 Report and Recommendation, conspiracy claims "must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff has alleged insufficient facts in support of his conspiracy claim against the defendant wardens from which the Court can reasonably infer that these defendants conspired to violate plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has also failed to state a claim to the extent he claims that his transfer was retaliatory. A prisoner's claim of retaliation for engaging in protected conduct is grounded in the First Amendment. *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct, at least in part, motivated the adverse action. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), in turn quoting *Thaddeus-X*, 175 F.3d at 394).

In this case, plaintiff claims that defendants Warden Bowen and Warden Erdos transferred him as a punishment for filing grievances at OSP. (*See* Doc. 16 at PageID 172; Doc. 1-2, Complaint at PageID 50). However, plaintiff has not alleged sufficient facts to plausibly suggest a causal connection between his transfer and protected activity. Plaintiff alleges that all of the issues raised in the complaint "are part of a common scheme to transfer me to SOCF and

restrict me of all my privileges and property and have me harassed and abused by SOCF prison officials." (Doc. 1-2, Complaint at PageID 59). Although plaintiff claims he filed non-frivolous complaints at OSP, he has not made any factual allegations to suggest that his transfer and subsequent alleged treatment at SOCF were motivated by his protected conduct. Plaintiff's sole allegation in this regard is that when arriving at SOCF Warden Erdos allegedly stated "so you like to assault officers and file complaints. You came to the right place, we know how to deal with jokers like you." (Doc. 1-2, at PageID 52). The mere mention of plaintiff's prior complaint history is insufficient to plausibly suggest that his transfer and every other issue raised in the complaint was the result of retaliation for filing grievances. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). *See also Murray v. Unknown Evert,* 84 F. App'x 553, 556 (6th Cir. 2003) (affirming dismissal of retaliation claim under § 1915A because "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted). Without any "further factual enhancement" plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). *See also Whiteside v. Collins,* No. 2:08-cv-875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (finding the plaintiff's retaliation claim was subject to dismissal, noting that "conclusory allegations of retaliatory motive and temporal proximity alone are insufficient to establish his retaliation claim") (Report and Recommendation), *adopted*, 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010).

Accordingly, plaintiff has failed to present a basis for the Court to reconsider either its March 23, 2020 or April 29, 2020 Reports and Recommendations (Docs. 4, 13), and any claim of

3

retaliation should be dismissed for failure to state a claim upon which relief may be granted. In light of this recommendation, Interested Party, the State of Ohio's motion to strike plaintiff's motion for reconsideration (Doc. 18) should be **DENIED.**

### B. Plaintiff's Third and Fourth Motions to Amend (Docs. 21, 22).

In plaintiff's third and fourth motions to amend his complaint, plaintiff seeks to add new claims and defendants based on alleged events occurring after the filing of plaintiff's initial and amended complaints. The Court notes that plaintiff's fourth motion to amend (Doc. 22) appears to be a revised and more comprehensive version of plaintiff's third motion to amend (Doc. 21). Because the fourth motion to amend includes the claims set forth in the third motion to amend as well as other new claims (compare Docs. 21 and 22), the Court **DENIES** the third motion to amend (Doc. 21) **as moot.**

In his fourth motion to amend, plaintiff seeks to add defendant officers Justice and Gleim and John Does 6-9 based on allegations that they variously denied him recreation and/or showers on June 15 and 16, 2020, between August 25 and 27, 2020, and on August 31, 2020. (Doc. 22, at PageID 195-96). Plaintiff further seeks to add claims against defendants Warden Erdos and Major Galloway based on allegations that they failed to correct the alleged actions of Officers Justice, Gleim, and John Doe Officers 6-9. (Doc. 22, at PageID 195-96).

Federal Rule of Civil Procedure 15 provides in relevant part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15(d). Whether to grant or deny a request to supplement a pleading is left to the sound discretion of the trial court. *Burse v. Robinson*, No. 2:14-cv-403, 2015 WL 2337781, *2

4

(S.D. Ohio May 13, 2015) (King, M.J.) (citations omitted). Under Rule 15, leave should be "freely given," "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Proposed supplements to a prisoner's complaint must be *sua sponte* reviewed under 28 U.S.C. §§ 1915 and 1915A.

The Court **GRANTS** plaintiff's fourth motion to amend (Doc. 22). However, consistent with the March 23, 2020 Order and Report and Recommendation (Doc. 4), the complaint, as amended (Docs. 12, 22), should be **DISMISSED with prejudice,** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claim that defendants Taylor and John Doe Officers 1-5 improperly denied him recreation, and that defendants Justice, Gleim, and John Doe Officers 6-9 improperly denied him recreation and/or showers.[1] The Court **DENIES** Interested Party, State of Ohio's motion to strike (Doc. 23) plaintiff's motions to amend.

However, plaintiff has failed to provide summons and U.S. Marshal forms for service for the new defendants. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for service on defendants Justice and Gleim. Once the Court receives the requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal. As noted below,

---

[1]As noted above, in the amended complaint plaintiff includes claims that defendants Justice, Gleim, and John Doe Officers 6-9 improperly denied him recreations and/or showers. Without the benefit of briefing by the parties, plaintiff may proceed with those claims at this juncture. However, as noted in the Court's March 23, 2020 Report and Recommendation (Doc. 4, at PageID 91-92), *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *See Iqbal,* 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). Therefore, plaintiff's claims that Erdos and Gleim failed to correct the actions of others are subject to dismissal.

plaintiff must file a motion to issue service on the remaining unidentified defendants before service will be issued on these defendants.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for reconsideration (Doc. 16) be **DENIED**.

2. Interested Party, State of Ohio's motion to strike the motion for reconsideration (Doc. 18) be **DENIED.**  However, Interested party State of Ohio's **Document 18 should remain pending** as far as it also moves to strike plaintiff's objections to the undersigned's April 29, 2020 Report and Recommendation (Doc. 13).

3. Consistent with the Court's March 23, 2020 Order and Report and Recommendation (Doc. 4), the complaint, as amended (Docs. 12, 22), be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claim that defendants Taylor and John Doe Officers 1-5 improperly denied him recreation, and that defendants Justice, Gleim, and John Doe Officers 6-9 improperly denied him recreation and/or showers.  The **CLERK OF COURT** is hereby **DIRECTED** to add defendants Justice, Gleim, and John Doe Officers 6-9 to the docket sheet.

4. The previous Reports and Recommendations, issued respectively on March 23, 2020, and April 29, 2020 (Docs. 4, 13), be adopted in their entireties.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's third motion to amend (Doc. 21) is **DENIED as moot.**

2. Plaintiff's fourth motion to amend (Doc. 22) is **GRANTED.**

3. Interested Party, State of Ohio's motion to strike (Doc. 23) plaintiff's motions to amend is **DENIED.**

4. That plaintiff submit a completed summons and U.S. Marshal form for service on defendants Justice and Gleim **within thirty (30) days** of the date of this Order. Once the Court receives the requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

Before service may be issued upon any remaining John Doe defendants, plaintiff must file a motion to issue service setting forth the identities of the unidentified defendants. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendants through discovery. Plaintiff is advised that no service will be issued on the unnamed defendants unless plaintiff complies with this Order.

5. That the United States Marshal serve a copy of the complaint (Docs. 12, 22), summons, the Order granting plaintiff leave to proceed *in forma pauperis*, and this Order and Supplemental Report and Recommendation upon defendant Taylor as directed by plaintiff (*See* April 13, 2020 Docket Entry (including completed service forms)). All costs of service shall be advanced by the United States.

6. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

7. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 11/2/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CORNELIUS L. HARRIS,  
    Plaintiff,

vs.

WARDEN R. ERDOS, et. al,  
    Defendants.

Case No. 1:20-cv-120

Black, J.  
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).