# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS L. HARRIS, | : | Case No. 1:20-cv-120 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| WARDEN ERDOS, *et al.*, | : | |
| Defendants. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORTS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE (Docs. 4, 13, 27)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and, on March 23, 2020, submitted a Report and Recommendation. (Doc. 4). Plaintiff Harris filed objections. (Doc. 6). Harris also filed a motion for temporary restraining order and an Amended Complaint. (Docs. 5, 12).

In response to these new filings, the Magistrate Judge submitted another Report and Recommendation on April 29, 2020. (Doc. 13). Harris filed objections. (Doc. 15). Harris also filed a motion for reconsideration of the initial screening and to amend his complaint (Docs. 16, 22). Interested-Party State of Ohio moved to strike Harris' motion for reconsideration and objections as untimely. (Doc. 18).[1]

---

[1] The Magistrate Judge recommends denying this motion to the extent it moves to strike the reconsideration but to keep the motion pending to the extent it moves to strike the objections. The Court will consider the substance of Harris' objections. Thus, the State of Ohio's motion is denied in its entirety.

Thus, in response to these new filings, the Magistrate Judge submitted a Supplemental Report and Recommendation on November 2, 2020. (Doc. 27). Harris again filed objections. (Doc. 30). Following his objections, Harris also filed a motion for reconsideration of his complaint and motion for leave to file an amended complaint (Docs. 38, 39).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Reports and Recommendations (Docs. 4, 13, 27) should be and are hereby adopted in their entirety.

Harris' first-filed objections (Doc. 6) to the first Report and Recommendation (Doc. 4) are not well-taken. Harris does not argue specific objections to the Report and Recommendation as required by Fed. R. Civ. P. 72(b). Instead, Harris generally attempts to clarify the allegations in his original complaint. However, these objections are not conclusive because the Report and Recommendation dealt with Harris' original complaint (Doc. 1), as to which he filed an Amended Complaint (Doc. 12), prompting the second Report and Recommendation (Doc. 13).

In Harris second-filed objections, he broadly asserts that the Magistrate Judge erred by not addressing his claim that Defendants retaliated against and transferred him for filing nonfrivolous grievances. (Doc. 15). However, as recognized by the Magistrate Judge in the Supplemental Report and Recommendation, Harris failed to state a retaliation claim because he did not allege sufficient facts to connect his alleged

retaliatory transfer to protected activity. (Doc. 27 at 2). Accordingly, this objection is overruled.

In Harris' third-filed objections, he asserts three specific objections: (1) the Magistrate Judge failed to address his claim that his transfer and placement in a different security classification violated his constitutional rights; (2) the Magistrate Judge did not address his cell ventilation allegation; and (3) the Magistrate Judge did not consider his equal protection claim and that he is not being afforded the same protections as other similarly-situated prisoners. (Doc. 30 at 2). All objections are not well-taken.[2]

First, as correctly noted by the Magistrate Judge, mere allegations of transfer, changes in security classification, and/or cell placement do not rise to the level of a constitutional violation. (Doc. 4 at 7). Accordingly, Harris' mere allegations that his rights were violated when he was transferred and placed in segregation fail to state a claim for a constitutional violation.

Second, Harris' claim regarding the plexiglass cell was addressed by the Magistrate Judge. (Doc. 4 at 8). Harris alleged in his original complaint that he was deprived privacy when he was placed in a cell with plexiglass walls and monitored by female guards. (Doc. 1-2 at ¶ 29). The Magistrate Judge correctly concluded Harris failed to state a deprivation of privacy claim because cell monitoring, without more, does not rise to the level of a constitutional violation. (*Id.*).

---

[2] Harris filed a motion for extension of time to file the objections with his objections. (Doc. 29). The Court will consider these objections. Accordingly, the motion for extension of time is granted.

In his objections, Harris tries to resurrect his privacy claim by arguing that the plexiglass cell is a condition of confinement claim because the plexiglass cell makes it difficult to breathe. However, Harris never alleges in any <u>complaint</u> before this Court (Docs. 1-2, 3, 12, 21, 22) that the plexiglass cell makes it difficult to breathe or any other circumstances rising to the level of a condition of confinement claim. Moreover, in Harris' Third Amended Complaint, the current operative complaint, Harris focuses solely on his recreation and showering claims. (Doc. 22). Thus, even with liberal construction of all Harris' pleadings as a *pro se* plaintiff, he has failed to state a privacy or condition of confinement claim for the plexiglass cell.

Last, Harris objects that the Magistrate Judge failed to consider his equal protection claim. This objection is without merit. On one hand, Harris argues that he is being treated differently than similarly-situated prisoners based on his race. On the other hand, Harris argues that the manner the prison treats him is part of a long, systematic, and well-documented history of abusive behavior towards all prisoners. These arguments are contradictory.

However, the Magistrate Judge considered Harris' purported equal protection claim, recognizing that the actions Harris alleges in his complaint – the use of threats, racial slurs, or other insults alone – although disturbing and wrong, do not rise to the level of a constitutional violation and are insufficient to support a Section 1983 claim for relief. (Doc. 4 at 9-10). Thus, this objection is not well-taken.

In response to the Magistrate Judge's third Report and Recommendation (Doc. 27), Harris also filed a motion for reconsideration of the complaint and motion for leave

4

to amend the complaint. (Docs. 38, 39). Because the Court adopts the Magistrate Judge's Reports and Recommendations in their entirety, Harris' motion for reconsideration of his complaint (Doc. 38) is denied as moot.

Harris' fifth motion to amend his complaint (Doc. 39), to which Harris attached his proposed amended complaint, will also be denied. The Court considers this motion for leave to amend in concert with Harris' objections, finding that Harris asserts the same arguments in support of his motion for leave to amend as in his objections, as he has already asserted these allegations and seeks to "clarify" claims already made in the original complaint. (Doc. 39 at 1). The Court, by now adopting the Magistrate Judge's Reports and Recommendations, dismisses these claims Harris seeks to "clarify."[3]

---

[3] When viewing the proposed amended complaint (Doc. 39), it appears Harris again attempts to resurrect his privacy claim from the original complaint as a condition of confinement claim, adding a sentence about difficulty with air flow in the plexiglass cell. (*Compare* Original Complaint, Doc. 1-2 at ¶ 29 *with* Proposed Amended Complaint, Doc. 39-1 at ¶ 29). The Court has already dismissed this claim. Yet, even with liberal standards for *pro se* plaintiffs and assuming Harris' additional clarification of fact rises to the level of a condition of confinement claim, providing Harris with a fifth attempt to clarify and/or cure the deficiencies in his complaint to bring this new claim, over a year into the litigation, and after the defendants have engaged in substantial discovery, would prejudice the defendants. *See, e.g., Rowe v. Boggs*, No. C-1-12-647, 2013 WL 2424369, at *2 (S.D. Ohio Mar. 12, 2013) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir.1998) ("Factors relevant to the Court's decision include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."). Moreover, assuming this is a condition of confinement claim, the amendment is futile because Harris' conclusory allegations that a ventilation system causes him discomfort does rise to the level of an objectively serious and extreme deprivation to pose a constitutional violation. *See, e.g., King v. Berghuis*, No. 1:10-CV-57, 2010 WL 565373, at *4 (W.D. Mich. Feb. 13, 2010) (granting motion to dismiss ventilation claim) (collecting ventilation cases).

5

Accordingly, for these reasons:

1. The Reports and Recommendations (Docs. 4, 13, 27) are hereby **ADOPTED**;

2. Plaintiff's motion for extension of time to file objections (Doc. 29) is **GRANTED**;

3. Plaintiff's Objections (Docs. 6, 15, 30) are **OVERULLED**;

4. Plaintiff's motions for temporary restraining order (Docs. 2, 5) are **DENIED**;

5. Plaintiff's motion for reconsideration of the initial screening (Doc. 16) is **DENIED**;

6. Interested-Party State of Ohio's motion to strike (Doc. 18) is **DENIED**;

7. Plaintiff's motion for reconsideration of the complaint (Doc. 38) is **DENIED as moot**;

8. Plaintiff's motion for leave to file an amended complaint (Doc. 39) is **DENIED**; and

9. Consistent with the Magistrate Judge's Reports and Recommendations (Docs. 4, 13, 27), Plaintiff's claims are **DISMISSED with prejudice** <u>with the exception of</u> Plaintiff's claims against Defendants Taylor and John Doe Officers 1-5 for denying Plaintiff recreation, and against Defendants Justice, Gleim, and John Doe Officers 6-9 for denying Plaintiff recreation and/or showers.

**IT IS SO ORDERED.**

Date: 3/24/2021

*s/Timothy S. Black*
Timothy S. Black
United States District Judge