UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CORNELIUS L. HARRIS,<br>    Plaintiff, | Case No. 1:20-cv-120<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| WARDEN R. ERDOS, *et al.*,<br>    Defendants. | REPORT AND<br>RECOMMENDATION AND<br>ORDER |

This matter is before the Court on plaintiff's motion for extension of time to respond to defendants' motion to dismiss (Doc. 42); defendants' motion for protective order (Doc. 44); plaintiff's motion requesting: an extension of time to respond to defendants' motion to dismiss, a waiver of the requirement that plaintiff serve a copy of every further pleading on defendants, a preliminary injunction and temporary restraining order, and a case status conference (Doc. 46); and defendants' memorandum in opposition (Doc. 47).

For good cause shown, plaintiff's motion for extension of time to respond to defendants' motion to dismiss (Doc. 42) is **GRANTED**. Plaintiff is granted an extension of time of 30 days from the date of this Order to file a response to defendants' motion to dismiss.

Defendants' motion for protective order (Doc. 44) seeks an order of protection prohibiting plaintiff from making, or filing, any additional discovery requests to defendants, or requiring defendants to provide any discovery to plaintiff until a determination is made regarding defendants' opposition to plaintiff's motion to amend (Doc. 40) and defendants' motion to dismiss (Doc. 43). On March 24, 2021, District Judge Black denied plaintiff's motions for reconsideration of the complaint and motion for leave to amend the complaint. (Doc. 45, citing Docs. 38 and 39). Therefore, defendants' motion for a protective order relating to plaintiff's motion to amend (Doc. 39) is

**DENIED** as moot. However, defendants' motion for a protective order to stay discovery pending resolution of defendants' motion to dismiss is well-taken for the reasons explained below.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir. 1999). In evaluating a motion to stay discovery, the court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro. Libr. Bd. of Trs.,* No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.,* No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio, March 4, 2008). Generally, the filing of a case dispositive motion is insufficient to warrant a stay of discovery. *Id.,* at *2. *See also Ohio Bell Tele. Co.,* 2008 WL 641252, at *2. However, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc*., 70 F.3d 422, 430 (6th Cir. 1995)).

The Court finds that under the circumstances presented by this case, a stay of discovery is appropriate. Defendants' motion to dismiss raises legal claims attacking the sufficiency of plaintiff's amended complaint on the Eighth Amendment claims alleged. Plaintiff has not alleged, and the Court does not perceive, that plaintiff requires discovery in order to address the arguments raised by defendants. To require defendants to respond to plaintiff's discovery requests at this stage of the proceedings would potentially burden defendants with unnecessary costs and work, given that the need for any discovery in this lawsuit would be eliminated by a ruling in defendants' favor. The burden on defendants if required to respond to plaintiff's discovery requests at this juncture thus outweighs any hardship that a short delay in proceeding

with discovery would impose on plaintiff. In the event defendants' motion to dismiss is denied, the Court shall grant an extension of the discovery deadline. Accordingly, defendants' motion for a protective order barring any further discovery pending the resolution of defendants' motion to dismiss is **GRANTED**.

Plaintiff's motion requesting a second extension of time to respond to defendants' motion to dismiss (Doc. 46) is **DENIED** as moot given the Court's ruling granting his first motion for extension of time (Doc. 42).

Plaintiff's motion to waive the requirement that plaintiff serve a copy of every further pleading on defendants (Doc. 46) is **DENIED**, subject to the following. Each time plaintiff files a document or any papers with the Court, he must make sure that either the defendants' attorney (or if none, the defendant) receives a copy. *See* Fed. R. Civ. P. 5(d); S.D. Ohio Civ. R. 5.2. Specifically, the local rules of this Court require "[p]roof of service of all pleadings and other papers . . . in compliance with Fed. R. Civ. P. 5(d)." S.D. Ohio Civ. R. 5.2(a). There must be a "Certificate of Service" at the end of every document plaintiff files with the Court verifying that he has served the document on counsel for defendants or the defendants themselves if not represented by counsel. The Certificate of Service must contain: (1) the names of the individuals being served; (2) how the documents are being served (via electronic filing or by mail); (3) the mailing or delivery address, if service is done by mail or personal delivery; (4) the date plaintiff served the documents; and (5) plaintiff's signature verifying service. *Id*. The local rules of this Court also permit a party to make service electronically "through the Court's ECF system on parties who are registered users of the system as provided in Fed. R. Civ. P. 5(b)(2)(E)[1]." S.D.

---

[1] Fed. R. Civ. P. 5(b)(2)(E) provides that a paper is served under this rule by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served. . . ."

3

Ohio Civ. R. 5.2(b). Therefore, if the parties and/or counsel representing such parties are registered users of the Court's ECF system, plaintiff is permitted to serve his papers on such parties or counsel in accordance with the local rule by including a certificate of service that specifies the method of service as set forth in the local rules. Attached is a sample certificate that is included in the Court's Pro Se Handbook listed on the Court's website. *See* https://www.ohsd.uscourts.gov/pro-se-handbook.

To the extent plaintiff requests that the Clerk of Court return a filed and stamped copy of any document plaintiff submits for filing, that request is denied. Plaintiff must provide an additional copy of any document to the Clerk of Court if he wishes to have a copy returned to him after filing. The Court is not required to fund plaintiff's litigation efforts and plaintiff has no constitutional right to free copies of documents. *See Bell-Bey, v. Toombs*, No. 93-2405, 1994 WL 105900 (6th Cir. Mar. 28, 1994) ("the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services"); *Hawk v. Vidor*, No. 92-2349, 1993 WL 94007, *1 (6th Cir. Mar. 31, 1993) ("the right to have access to the courts is not interpreted as requiring unlimited access to photocopiers").

Plaintiff also requests a preliminary injunction and temporary restraining order alleging that prison officials have harassed and retaliated against him since his arrival at the Southern Ohio Correctional Facility. Plaintiff seeks an order directing the warden to release plaintiff from punitive segregation and give him his "ERH property and legal material." (Doc. 46 at 7). This is plaintiff's third motion for a preliminary injunction. For the reasons stated in the March 23, 2020 Order and Report and Recommendation, plaintiff's third motion should be denied. (*See* Doc. 4 at PageID 96–98). Moreover, plaintiff has failed to "establish a relationship between the injury claimed in [the preliminary injunction] motion and the conduct asserted in the complaint."

4

*Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Plaintiff's motion alleges harassment and retaliation by prison officials for the many cases he has filed against prison employees. In contrast, the conduct asserted in the complaint is that he was improperly denied recreation. *See also Annabel v. Frost*, No. 17-2263, 2018 WL 5295887, at *2 (6th Cir. Aug. 10, 2018) (denying a preliminary injunction where "[t]he allegations in [the plaintiff's] motion for injunctive relief—that his legal mail has been withheld and that he has been denied meaningful access to the law library—[were] wholly unrelated to the underlying claim[ ]" that the defendants issued false misconduct reports). Plaintiff's motion for preliminary injunction and temporary restraining order should be **DENIED.**

Plaintiff's motion requesting a case status conference is **DENIED**. The Court has ruled on plaintiff's pending motions and sees no benefit to holding a status conference at this juncture.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 46) be **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for extension of time to respond to defendants' motion to dismiss (Doc. 42) is **GRANTED**. Plaintiff is granted an extension of time of 30 days from the date of this Order to respond to the motion to dismiss.

2. Defendants' motion for protective order (Doc. 44) is **DENIED IN PART** as moot **AND GRANTED IN PART**.

3. Plaintiff's motion requesting an extension of time to respond to defendants' motion to dismiss (Doc. 46) is **DENIED** as moot given the Court's ruling on plaintiff's first motion for extension of time (Doc. 42).

4. Plaintiff's motion to waive the requirement that plaintiff serve a copy of every further pleading on defendants (Doc. 46) is **DENIED**.

5. Plaintiff's motion for a case status conference (Doc. 46) is **DENIED**.

Date: 5/6/2021

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CORNELIUS L. HARRIS,<br>   Plaintiff, | Case No. 1:20-cv-120<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| WARDEN R. ERDOS, et. al,<br>   Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SAMPLE CERTIFICATE OF SERVICE**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on _____, 20 (date), I mailed my _____ (name of pleading) to the Clerk of Courts for filing. Upon the Clerk's Office docketing of this pleading, notice of this filing will be sent through the Court's electronic filing system to all parties represented by attorneys who are registered users of the Court's electronic filing system as provided for in Fed. R. Civ. P. 5(b)(2)(E).

A copy of this pleading will be mailed, by ordinary United States Mail, postage pre-paid, to the following unrepresented party/parties this same day:

    Party Name #1
    Street Address
    City, State  Zip-Code

    Party Name #2
    Street Address
    City, State  Zip-Code

                                             _____
                                             Your Signature
                                             Your Printed Name Pro Se
                                             Plaintiff