### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CORNELIUS L. HARRIS,                                    Case No. 1:20-cv-120
     Plaintiff,                                        Black, J.
                                                 Litkovitz, M.J.

     vs.

WARDEN ERDOS, *et al*.,                                 **REPORT AND**
     Defendants.                                       **RECOMMENDATION**


     This matter is before the Court on defendants' motion to dismiss the complaint as amended, which plaintiff filed on February 16, 2021. (Doc. 43). Plaintiff was granted an extension of time until June 7, 2021 to respond to the motion. (Doc. 49). Plaintiff's motion for an additional extension of time was denied and he was ordered to respond to the motion to dismiss no later than August 12, 2021. (Doc. 56). Plaintiff has not filed a timely response to the motion to dismiss. Instead, on August 23, 2021, plaintiff filed a sixth motion to amend his complaint (Doc. 59) and a response to the motion to dismiss (Doc. 60).

     The Court has nonetheless thoroughly reviewed the pleadings and plaintiff's response in light of the applicable standard of review and relevant case law to determine whether defendants' motion is well-taken. The Court finds that plaintiff has failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6) and defendants' motion to dismiss should be granted. In addition, plaintiff's sixth motion to amend the complaint should be denied.

### I. Procedural history

     Plaintiff filed a motion for leave to proceed *in forma pauperis* and a complaint with the Court on February 13, 2020. (Doc. 1). On March 23, 2020, the Court granted plaintiff leave to amend the complaint and recommended that the complaint as amended be dismissed except as to

plaintiff's claims that defendants Officer Taylor and John Doe Officers 1-5 improperly denied him recreation. (Doc. 4). Plaintiff filed a second motion to amend (Doc. 8), which the Court recommended be dismissed except as to plaintiff's claims that defendants Taylor and John Doe Officers 1-5 improperly denied him recreation. (Doc. 13). In September 2020, plaintiff filed a third motion to amend the complaint seeking to add five defendants – John Doe Officers 6-9 and Officer Justice - who allegedly "continued the systematic pattern of denying [plaintiff] recreation and showers" (Doc. 21 at PAGEID 191) and a fourth motion to amend to add eight defendants to the complaint for "improperly denying [him] recreation and showers, and failing to act" (Doc. 22 at PAGEID 195-96). Plaintiff specified dates on which the John Doe Officers 6-9 and Officer Justice allegedly denied him recreation and showers. (*Id*.). The undersigned issued an Order and Supplemental Report and Recommendation (1) recommending that the complaint as amended (Docs. 12, 22) be dismissed except as to plaintiffs' claims that defendants Taylor and John Doe Officers 1-5 improperly denied him recreation and that defendants Justice, Gleim, and John Doe Officers 6-9 improperly denied him recreation and/or showers; (2) denying plaintiff's third motion to amend the complaint as moot; and (3) granting plaintiff's fourth motion to amend. (Doc. 27). The district judge adopted the Reports and Recommendations (Docs. 4, 13, and 27) on March 24, 2021. (Doc. 45). The district judge also denied a motion for reconsideration (Doc. 38) and a fifth motion to amend the complaint (Doc. 39) filed by plaintiff. (*Id*.).

Thus, the only claims remaining in this case consistent with the Reports and Recommendations issued in this matter and the March 24, 2021 Order adopting those Reports and Recommendations are plaintiff's claims that defendants Taylor and John Doe Officers 1-5 denied plaintiff recreation and that defendants Justice, Gleim, and John Doe Officers 6-9 denied

plaintiff recreation and/or showers. (Docs. 4, 13, 27, 45). Plaintiff alleges in the complaint as amended that defendants denied him recreation on the following dates:

- September 20, 2019: Taylor and John Doe officers 1-5 denied him recreation.

- September 23, 2019: Taylor and John Doe officers 1-5 denied plaintiff recreation without justification.

- November 7, 2019: Taylor and John Doe officers 1-5 did not give an announcement and denied plaintiff recreation without justification.

- November 8, 2019: Taylor denied plaintiff recreation without justification.

- November 11, 2019: John Doe 1 denied plaintiff recreation and told him he was wasting his time signing up for recreation and he would never go to recreation again.

- Plaintiff alleges that he was denied recreation for three days after November 11, 2019 and was then "forced to stop signing up for rec[reation]" so that he could shower.

- June 15, 2020: John Doe denied him recreation.

- June 16, 2020: John Doe denied him recreation.

- August 25, 2020: Gleim and Justice denied plaintiff recreation. Justice marked plaintiff down as refusing both recreation and a shower.

- August 26, 2020: John Doe 7 refused plaintiff recreation and marked plaintiff down as refusing both recreation and a shower.

- August 27, 2020: John Doe 8 refused plaintiff recreation and marked plaintiff down as refusing both recreation and a shower.

3

- August 31, 2020: John Doe 9 refused plaintiff recreation and marked plaintiff down as refusing both recreation and a shower.

Plaintiff alleges defendants denied plaintiff a shower on the following dates:

- August 25, 2020: John Doe 8 denied plaintiff a shower and Justice also denied plaintiff a shower by marking plaintiff down as refusing both recreation and a shower.

- August 26, 2020: John Doe 7 refused to allow plaintiff to shower.

- August 27, 2020: John Doe 8 refused to allow plaintiff to shower and marked plaintiff down as refusing both recreation and a shower.

- August 31, 2020: John Doe 9 refused to allow plaintiff to shower and marked him down as refusing both recreation and a shower.

Plaintiff also makes more generalized allegations about being denied recreation and showers. He alleges that after Institutional Inspector Mahlman placed him on a grievance restriction on October 29, 2017, "Taylor began denying [him] recreation, offending [him] by using racial slurs and threatening me." (Doc. 12 at PAGEID 151). Plaintiff claims that "being denied recreation from November 7th, 2019 until the filing of this complaint and more has caused me mental, physical and emotional injury." (*Id.*).

## II. Rule 12(b)(6) standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court must construe all factual allegations as true and in the light most favorable to the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)). Fed. R. Civ. P. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although a complaint need not contain

4

"detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a pro se plaintiff is still obligated to plead facts to support his allegations. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

### III. Defendants' motion to dismiss should be granted

Defendants contend that plaintiff was allegedly denied recreation 14 times and showers four times, which does "not constitute a significant deprivation to implicate § 1983 constitutional concerns." (Doc. 43 at PAGEID 288). For the reasons stated in the undersigned's Report and Recommendation dated March 23, 2020 (Doc. 4 at PAGEID 94-95), plaintiff's loss of recreational privileges does not constitute an "atypical and significant hardship" that violates plaintiff's Fourteenth Amendment due process rights under *Sandin v. Conner*, 515 U.S. 472, 484 (1995) and cases applying *Sandin's* holding.[1] *See, e.g., Durham*, 2013 WL 6147921, at *3 (the

---

[1] The undersigned found that plaintiff failed to state a due process claim against Taylor in connection with the RIB hearings. (Doc. 4 at PAGEID 94, citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The district judge agreed. (Doc. 45). The Supreme Court in *Sandin,* 515 U.S. at 472, held that under the due process clause of the Fourteenth Amendment, prisoners have only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical

loss of recreational privileges during a 100-day period of confinement in segregation did not amount to an "atypical and significant hardship" under *Sandin*). *See also Cook v. Erdos*, No. 1:18-CV-341, 2018 WL 3045073, at *4 (S.D. Ohio June 20, 2018) (Bowman, M.J.), *report and recommendation adopted,* 2018 WL 3439635 (S.D. Ohio July 17, 2018) (Dlott, J.) (same for 90-day exercise restriction imposed as disciplinary sanction). Accordingly, plaintiff has failed to state a claim for violation of his due process rights under the Fourteenth Amendment based on the alleged denial of his recreation privileges.

Insofar as plaintiff alleges that the denial of recreational opportunities without any penological purpose violated his Eighth Amendment rights, he has likewise failed to state a claim for relief. The Eighth Amendment prohibits punishment that violates civilized standards of humanity and decency or that involves the unnecessary and wanton infliction of pain. *Estelle v. Gamble,* 429 U.S. 97, 102-03 (1976). To establish an Eighth Amendment violation, a prisoner must demonstrate that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). The exercise opportunities that a prisoner is provided need only comport to the "'minimal civilized measure of life's necessities.'" *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985) (quoting *Rhodes*, 452 U.S. at 347). "[A] total or near-total deprivation of exercise or recreational opportunity, without penological justification,

---

and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." *Sandin,* 515 U.S. at 484. The Sixth Circuit has found that "confinement in segregation generally does not rise to the level of an 'atypical and significant' hardship implicating a liberty interest except in 'extreme circumstances,'" such as an indefinite or excessively long confinement in administrative segregation. *Durham v. Jeffreys*, No. 1:13-cv-226, 2013 WL 6147921, at *4 (S.D. Ohio Nov. 22, 2013) (Litkovitz, M.J.), *report and recommendation adopted,* 2014 WL 63936 (S.D. Ohio Jan. 8, 2014) (Weber, J.) (citing *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (prisoner's confinement in segregation for 8-year period was of "atypical duration" and thus "created a liberty interest that triggered his right to due process")). Similarly, "the loss of recreational privileges does not amount to an 'atypical and significant hardship' under *Sandin*." *Durham*, 2013 WL 6147921, at *4.

violates Eighth Amendment guarantees [because] [i]nmates require regular exercise to maintain reasonably good physical and psychological health." *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). However, there is no constitutionally-required minimum standard. *Vick v. Core Civic*, 329 F. Supp. 3d 426, 451-52 (M.D. Tenn. 2018) (noting that in *Rodgers v. Jabe*, 43 F.3d 1082, 1087-1088 (6th Cir. 1995), the Sixth Circuit "strongly suggests that five hours a week is the constitutional minimum."). Thus, in *Vick*, the district court found that where "the complaint does not allege that the Plaintiff is denied all recreation, only that the Plaintiff is not afforded daily recreation, . . . without more, the lack of daily recreation privileges is not sufficiently serious to constitute an actionable [constitutional] violation. . . ." *Id*. at 452 (citing <u>Sandin</u>, 515 U.S. at 486-87). *See also Allen v. Holt*, No. 3:18-cv-00033, 2019 WL 4167278, at *2-3 (M.D. Tenn. Sept. 3, 2019) ("This court gleans from the cited cases that the opportunity for some amount of 'regular' exercise is required [to satisfy the "the minimal civilized measure of life's necessities"]; that being deprived of the opportunity to exercise for forty-six days in a row may not meet that requirement, but that daily exercise is not constitutionally mandated.").

Plaintiff generally alludes to "being denied recreation on several sporadic dates and then generally "from November 7th, 2019 until the filing of [the original] complaint." (Doc. 3; *see also* Doc. 12 at PAGEID 151). However, he does not allege who denied him recreation during this time period; the circumstances surrounding the denial; or how often he was allegedly denied recreation during this time frame. Plaintiff's generalized allegation does not give defendants fair notice of the facts on which his claim rests and does not state a plausible claim for relief against any individual defendant. *See Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of multiple defendants cannot be ascribed to an individual defendant.") (citing *Heyne v.*

*Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011)); *Iqbal*, 556 U.S. at 676).

Plaintiff "must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Other than a vague

allegation that he was denied recreation beginning November 7, 2019, plaintiff alleges that

various defendants denied him the opportunity for recreation on no more than 14 occasions over

the course of one year.  These sporadic instances, without more, are insufficient to rise to the

level of an Eighth Amendment violation.

Finally, plaintiff's allegations that he was denied the opportunity to shower four times

over the course of six days do not state a claim for an Eighth Amendment violation.

"[D]eprivation of a shower . . . for a 'brief span of time . . . , i.e., only six days' is not actionable

conduct" under § 1983.  *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (citing *Siller

v. Dean*, 205 F.3d 1341 (table), 2000 WL 145167 (6th Cir. Feb. 1, 2000)).  *See also Walker,* 771

F. 2d at 928 (affirming order requiring that general population inmates be afforded three showers

per week); *Allen v. Montgomery Cnty. Jail*, 895 F.2d 1412 (table), 1990 WL 14063, at *2 (6th

Cir. Feb. 16, 1990) (isolated denial of use of shower on only three occasions failed to state an

Eighth Amendment claim in light of "the minimal nature and short duration of the alleged

deprivation[]"); *Conyers v. Michigan Dept. of Corrections*, No. 5:06-cv-100, 2006 WL 2644990,

at *6 (W.D. Mich. Sept. 14, 2006) (denying a prisoner a shower on isolated instances does not

deprive the prisoner of the "minimal civilized measure of life's necessities.").  Plaintiff's claim

for violation of his Eighth Amendment rights should be dismissed.

**IV.  Plaintiff's Sixth Motion to Amend the Complaint Should be Denied.**

Plaintiff's moves for a sixth time to amend his complaint to add further claims regarding

the denial of recreation and to identify the John Doe defendants.  (Doc. 59).  Plaintiff states:

This case is pending the defendants' motion to dismiss. *In the event that my case survive[s] that motion to dismiss*, I ask the Court to grant me leave to file a consolidated amended complaint that re-write my original complaint to include all claims made in this request for leave and previous request[s] for leave.

(Doc. 59 at PageID 386-387) (emphasis added).

As the undersigned recommends that defendants' motion to dismiss be granted, plaintiff's sixth motion to amend his complaint should be denied. Moreover, plaintiff has had multiple opportunities to amend his complaint in this case. He has repeatedly failed to cure the deficiencies in his complaint by previous amendments. *See Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998). In addition, plaintiff has not shown good cause for tendering yet another motion to amend his complaint at this late juncture. The Court should not permit plaintiff endless opportunities to amend his complaint given the procedural history of this matter. Therefore, plaintiff's sixth motion to amend his complaint should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (Doc. 43) be **GRANTED**.

2. Plaintiff's sixth motion to amend the complaint (Doc. 59) be **DENIED**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:  8/23/2021

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CORNELIUS L. HARRIS,                                          Case No. 1:20-cv-120
      Plaintiff,                                          Black, J.
                                                             Litkovitz, M.J.

      vs.

WARDEN R. ERDOS, *et al.*,                          **REPORT AND**
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).